UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA BOLONE,

    Plaintiff,                                                       Case No. 11-10663

v.                                                                          Hon. Lawrence P. Zatkoff

WELLS FARGO HOME MORTGAGE, INC., and
FEDERAL HOME LOAN MORTGAGE CORP.,

    Defendants.
_____/

OPINION AND ORDER
and
ORDERS TO SHOW CAUSE

I. INTRODUCTION

On July 18, 2011, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (Docket #11). Therein, Plaintiff requests that the Court enter an order enjoining and restraining Defendants from evicting Plaintiff from her home. According to Plaintiff, her home was sold at a sheriff's sale on or about August 10, 2010, the redemption period has run and she is now at risk of being evicted from her home.

II. BACKGROUND

Before addressing Plaintiff's request for a temporary restraining order and preliminary injunction, the Court finds that a recitation of some of the procedural background in this matter is necessary. Plaintiff filed her cause of action with the Oakland County Circuit Court on or about February 4, 2011, at which time she also filed a motion for temporary restraining order, show cause order and preliminary injunction. On February 17, 2011, before Defendants had been served in this

matter and following a hearing held on February 16, 2011, Judge Denise Langford Morris **granted** Plaintiff's motion for a temporary restraining order and entered an order that stated, in part:

1. Defendants are hereby ordered not to take any action to evict Plaintiff pending Plaintiff's hearing on the preliminary injunction.

2. Defendants shall show cause before this [Oakland County Circuit] Court on March 16, 2011 at 8:30 a.m. why a preliminary injunction should not be ordered to remain in effect during the pendency of this action according to the terms and conditions requested by Plaintiff.

After being served with the Complaint, Defendants properly removed Plaintiff's cause of action to this Court on February 17, 2011. Prior to the filing of the instant motion, neither Plaintiff nor Defendants: (a) filed a copy of the state court's February 17, 2011, order with the Court, (b) indicated to the Court that a preliminary injunction hearing had been scheduled but not held in Oakland County Circuit Court, or (c) requested that this Court hold a hearing or otherwise address the subject matter of the motion for injunctive relief filed by Plaintiff on February 4, 2011. In May or June 2011, Defendants allegedly filed an action in the 52-3 District Court in Rochester Hills, Michigan, wherein Defendants allegedly sought to evict Plaintiff from her residence. The 52-3 District Court adjourned the matter to allow Plaintiff to seek relief in this Court pursuant to this earlier-filed cause of action.

### III. ANALYSIS

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

(a) whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

      (b)      whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

      (c)      whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

      (d)      whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for determining whether a temporary restraining order and/or a preliminary injunction is warranted does not involve a rigid and comprehensive test; rather, the four factors are to be balanced, not prerequisites that must be satisfied, as "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

     The Court finds that Plaintiff has met her burden for the issuance of a temporary restraining order in this case. The argument set forth by Plaintiff in her brief in support of her motion alone justifies the entry of a temporary restraining order. In addition, the Court finds it very significant that: (a) the state court, when it had jurisdiction of this case, granted a temporary restraining order in favor of Plaintiff, and (2) the temporary restraining order granted by the state court was in effect at the time the instant case was removed to this Court. Thus, in essence, by granting Plaintiff's "second" motion for temporary restraining order, the Court would simply be keeping the state court order prohibiting Defendants from "tak[ing] any action to evict Plaintiff pending Plaintiff's hearing on the preliminary injunction" in effect and/or reinstating it. Accordingly, the Court GRANTS Plaintiff's motion insofar as she seeks a temporary restraining order.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's motion for a temporary restraining order and ORDERS that Defendants not take any action to evict Plaintiff until further order of this Court.

The Court FURTHER ORDERS Defendants TO SHOW CAUSE, in writing, on or before August 2, 2011, why a preliminary injunction should not be ordered in this matter.

The Court FURTHER ORDERS Plaintiff's counsel TO SHOW CAUSE, in writing, on or before August 2, 2011, why he: (1) should not be held in civil contempt of court for failing to, at any time prior to the filing of the instant motion, bring to this Court's attention the fact that the state court had issued a temporary restraining order in this case on February 17, 2011, and scheduled a preliminary injunction hearing for March 16, 2011, and (2) failed to request that this Court hold the preliminary injunction hearing that the state court had scheduled (and/or immediately filed in this Court a motion for injunctive relief once the case was removed).

As: (1) no preliminary injunction hearing has been held on Plaintiff's cause of action (in Oakland County Circuit Court or this Court), and (2) Defendants allegedly filed a cause of action in the 52-3 District Court in May or June 2011, the Court FURTHER ORDERS Defendants to SHOW CAUSE, in writing, on or before August 2, 2011, why the Court should not find Defendants in civil contempt of court for violating the state court's express written order that: "Defendants are hereby ordered not to take any action to evict Plaintiff pending Plaintiff's hearing on the preliminary injunction."

The Court FURTHER ORDERS that, to the extent that Plaintiff desires to file a written reply to one or both of Defendants' responses to the aforementioned Orders to Show Cause issued against

Defendants, Plaintiff shall file her reply(ies) on or before August 5, 2011.

Finally, the Court FURTHER ORDERS that a hearing on Plaintiff's request for preliminary injunction shall be held, if necessary, on August 11, 2011, at 10:30 a.m. If such hearing is held, Plaintiff's counsel shall have 15 minutes of argument, and Defendants' counsel shall have 15 minutes of argument.

IT IS SO ORDERED.

                          S/Lawrence P. Zatkoff
                          LAWRENCE P. ZATKOFF
                          UNITED STATES DISTRICT JUDGE

Dated: July 21, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 21, 2011.

                          S/Marie E. Verlinde
                          Case Manager
                          (810) 984-3290