UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA M. BALONE,

    Plaintiff,

v.

Case No. 11-10663
Hon. Lawrence P. Zatkoff

WELLS FARGO HOME MORTGAGE, INC.,
and FEDERAL HOME LOAN MORTGAGE CO.,

    Defendants.
_____/

**ORDER**

This matter is before the Court on Defendants' Motion to Enforce Settlement Agreement or, in the Alternative, For Authorization to Complete Foreclosure by Advertisement [dkt 32]. Plaintiff filed a response to Defendants' Motion [dkt 33]. For the reasons that follow, the Court will deny Defendants' Motion as moot.

Trial in this case was set to commence before the undersigned on September 24, 2012, in Port Huron, Michigan. On September 20, 2012, the Court received written notification from both parties that they had amicably settled this matter, and that a stipulated order of dismissal would be forthcoming. To date, no such order has been submitted to the Court.

Defendants' instant Motion details the chain of events that unfolded after September 20, 2012. The Court briefly notes the relevant points.

On September 20, 2012, and as evidenced by an email string attached to Defendants' Motion, the parties apparently reached a settlement wherein Plaintiff's loan with Defendants would be modified. The terms of the modification were provided in those emails. *See* Dkt. # 32, Ex. 1.

On November 28, 2012, counsel for Defendants sent Plaintiff's counsel a draft settlement agreement that included the terms from the September 20, 2012, emails, and which incorporated by reference all other unmodified terms from the parties' original note and mortgage. The draft settlement agreement also comprised additional terms, one of which the Court highlights—according to the agreement, if consummated, Plaintiff would waive her right to a jury trial regarding any future disputes concerning the loan or property. Aside from mentioning that a "minor issue" with the jury trial waiver might arise,[1] Plaintiff's counsel indicated that the proposed agreement looked "fine".

From December 11 to 19, 2012, counsel for both parties exchanged numerous emails over Plaintiff's counsel's misunderstanding of the structure of the settlement. Plaintiff's counsel believed that three (3) separate documents (*i.e.*, a settlement agreement, loan modification, and deed) would be sent by Defendant to Plaintiff. Counsel for Defendants pointed out that, because the draft settlement agreement incorporated by reference the unmodified terms from the original note and mortgage, and because the draft settlement agreement included the modified terms, re-stating or re-drafting the whole note and mortgage would be superfluous. Eventually, this misunderstanding was resolved as Plaintiff's counsel indicated that he had misread the prior emails.

Despite the parties coming to an understanding on the structure, there remained—and still remains—an issue regarding the jury trial waiver. Though it is not clear to the Court from the emails when Plaintiff's counsel conferred with his client on this issue, Plaintiff ultimately decided that she would not agree to a jury waiver. Likewise, Defendants would not sign the draft settlement agreement in the absence of the jury waiver provision.

---

[1] Counsel for Plaintiff stated that he would confer with his client on this issue.

In light of the foregoing, on February 4, 2013, Defendants filed the instant Motion requesting that the Court either (1) enter an order requiring Plaintiff to make past due and future monthly payments as agreed upon in the parties' "settlement agreement", or (2) alternatively, enter an order authorizing Defendants to foreclose Plaintiff's mortgage due to Plaintiff's refusal to make her monthly payments.[2]  In rebuttal, Plaintiff requests that the Court enter an order enforcing a settlement agreement in accord with the parties' September, 20, 2012, email string, and without inclusion of the jury waiver provision because such a provision was never before agreed upon.

It thus appears to the Court that the parties never actually "settled" this case.  The parties neither submitted a stipulated order of dismissal to the Court, nor can they present to the Court a mutually executed settlement agreement.  As such, the Court considers this litigation ongoing.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion [dkt 32] is DENIED as moot.

IT IS FURTHERED ORDERED that both parties are to appear for a second Final Pretrial/Settlement Conference on April 11, 2013 at 9:30 a.m. at 526 Water Street, Port Huron, Michigan.  All counsel must be present, as well as the clients and/or those with full authority to engage in settlement discussions.  The parties are to comply with all the rules and procedures set forth in the Scheduling Order, which includes bringing to the conference the joint final pretrial order and agreed-upon joint jury instructions on the law.

IT IS FURTHER ORDERED that, due to the unique pool of prospective jurors from which the Port Huron Court culls for its jury trials, and due to the fact that the parties originally

---

[2] Defendants' Motion alleges that Plaintiff is three months in arrears in making payments under the terms of the modified loan.  Plaintiff's counsel confirms as much in the attached emails, arguing that his client "has the funds" but is unwilling to pay "until [Defendants] provide[] what was agreed upon . . . ."

3

notified the Court that this matter was, in fact, settled, the Court reserves the right to assess costs the Court incurs as a result of essentially repeating the process of: (1) preparing for jury selection; (2) attending and conducting jury selection; and (3) preparing for, and conducting, trial. Such costs include, but are not limited to, mileage and fees paid to prospective and/or selected jurors, mileage costs for Court personnel, and administrative costs incurred by the Court.

IT IS SO ORDERED.

                                        s/Lawrence P. Zatkoff
                                        Hon. Lawrence P. Zatkoff
                                        U.S. District Judge

Date: March 19, 2013